The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Richard B. Ford and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award. Accordingly, the Opinion and Award of Deputy Commissioner Richard B. Ford is affirmed with modifications.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the dates involved, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date, Travelers Ins. Co. provided the coverage to the employer as provided under said Act.
4. On said date the plaintiff was earning an average weekly wage of $415.00 (yielding a compensation rate of $276.67.
5. The issues to be determined in this case are:
 a. Did the plaintiff sustain an occupational disease or injury by accident arising out of and in the course of his employment with the defendant-employer on the dates involved; and,
 b. If so, do the injuries of which the plaintiff complains result therefrom; and,
 c. If so, to what compensation, if any, is the plaintiff entitled under the Act.
6. Prior to December 7, 1992, when the plaintiff last worked for the defendant-employer, he was employed by the said defendant-employer for approximately 24 years.
7. The plaintiff has been treated by the following medical providers:
a. Dr. Watson, August 13, 1992.
b. Dr. Crosby, December 1, 1992.
c. Dr. Naso, November 22, 1994.
8. The parties further stipulate into evidence four pages of medical records together with a stipulated agreement of facts and documentation.
At the hearing on December 1, 1994, the parties introduced the following exhibits:
1. Defendant's Exhibit 1, marked D1, consisting of a patient information sheet from Dr. Watson's office reference the plaintiff.
At the hearing on December 1, 1994, the defendant Moved to amend the Form 33R to enter a plea of failure of notice under Section 97-22 of the Act, which Motion was allowed and to which the plaintiff objected.
Subsequent to the hearing on December 1, 1994, the parties entered the following documentation into the record which have been considered by the Full Commission in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Dr. David W. Watson dated May 8, 1995.
2. Deposition of Dr. E. Brown Crosby dated March 22, 1995.
Subsequent to the hearing on December 1, 1994, the plaintiff moved to reopen the case for further evidence which Motion was denied.
* * * * * * * * * * *
The Full Commission finds as follows:
FINDINGS OF FACT
1. On June of 1992, the plaintiff, approximately 50 years of age with a tenth grade education and who had been working for the defendant-employer 24 years at manual labor, was employed by the defendant-employer as a mercerizer machine operator.
2. Beginning around April in the spring of 1992, the mercerizer machine which the plaintiff was operating began malfunctioning which caused the plaintiff additional physical effort in pulling cloth which would build up in the J-box because of the malfunction of the machine which involved the plaintiff pulling with his hands, in particular his right hand, accumulations of cloth weighing as much as 150 pounds repeatedly over his shift as frequently as three to four times per hour during which period of time from April to June the plaintiff on occasions was working overtime as much as 6 to 7 days per week. The malfunctioning of the machine caused plaintiff to suffer an occupational disease which was first diagnosed in December 1992. Notice of this condition was given timely to the employer.
3. During this period and particularly in June of 1992, the plaintiff began to experience pain in his right hand, wrist and forearm and elbow which he reported to his supervisor.
4. Prior and subsequent to June of 1992, the plaintiff sought medical care and help for his right hand and arm condition, first from the plant nurse by over-the-counter medications, secondly by chiropractic adjustment beginning August 13, 1992 and thirdly by a medical practitioner expert in the orthopedic treatment of hand and arm problems beginning December 1, 1992, when by competent medical information, he first became aware that his right hand problem was related to the work which he was performing in the spring of 1992 when the J-box feature of the mercerizing machine was malfunctioning, which expert orthopedic medical treatment continued until December 29, 1994, during which period of medical treatment it has been medically opined, which the Full Commission finds as facts, as follows:
 a. The plaintiff is suffering from a right elbow lateral epicondylitis adversely affecting the plaintiff's right hand, which, under the evidence in this case was both a non-named occupational disease under N.C.G.S. § 97-53(13) and constituted tenosynovitis caused by trauma in the employment under N.C.G.S. § 97-53(21).
 b. The plaintiff's right hand problem was caused by his employment during the period of the spring of 1992 when he was forced to use his right hand excessively in pulling cloth that formerly had been pulled by a properly functioning mercerizer machine.
 c. During this period of the spring of 1992, the plaintiff was placed at a greater risk than the public generally of developing the right hand disease with which he has been medically diagnosed due to the excessive right hand exertions in the workplace.
 d. The plaintiff reached maximum medical improvement with respect to his right hand on December 29, 1994.
 e. The plaintiff is suffering from a seven and one-half percent disability of his right hand as the result of the work activities to which he was exposed in the spring of 1992.
5. Subsequent to December 1, 1992, the plaintiff was medically placed on light work with no use of the right hand, but was refused such light duty work by the defendant-employer on December 7, 1992 and thereafter remained out of work because of his right hand condition.
6. On June of 1992, the plaintiff sustained an injury to his right hand by accident in the nature of an occupational disease arising out of and in the course of the employment with the defendant-employer.
7. The plaintiff lost time from work as a result of the injury from December 7, 1992 to December 29, 1994.
8. The plaintiff was earning an average weekly wage of $415.00 in June of 1992.
* * * * * * * * * * *
Based upon the Findings of Fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On June of 1992, the plaintiff sustained an injury to his right hand by accident in the nature of an occupational disease arising out of and in the course of the employment with the defendant-employer. This condition was first diagnosed in December 1992 and plaintiff timely gave notice to his employer. From the testimony and exhibits of the treating physicians, the Full Commission has found that this occupational disease was both an occupational disease under N.C.G.S. § 97-53(13) and N.C.G.S. § 97-53(21).
2. The plaintiff is entitled to temporary total disability compensation benefits from December 7, 1992 to December 29, 1994 at the rate of $276.67 per week.
3. The plaintiff is entitled to permanent partial disability compensation benefits for 15 weeks at the rate of $276.67 per week commencing December 29, 1994 for the 7.5% rating given by his physician.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies the Deputy Commissioner's Opinion and Award and enters the following:
AWARD
1. The defendants shall pay to the plaintiff in one lump sum temporary total disability compensation benefits from December 7, 1992 to December 29, 1994 at the rate of $276.67 per week, less the attorney fee hereinafter provided.
2. The defendants shall pay to the plaintiff permanent partial disability compensation benefits for 15 weeks at the rate of $276.67 per week commencing December 29, 1994, less the attorney fee hereinafter provided. This period having already passed, such payment shall be in a lump sum.
3. The defendants shall pay all medical expense resulting from said injury tending to provide cure or relief.
4. An attorney fee of 25 percent of the compensation herein allowed is hereby approved and awarded to plaintiff's attorney for his services to the plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
5. The defendants shall pay interest at the rate of 8% per annum on the amounts set forth above from 1 December 1994, the date of the hearing before the Deputy Commissioner, until paid.
6. The defendants shall pay the costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________________ DIANNE C. SELLERS COMMISSIONER
S/ ____________________ CHRISTOPHER SCOTT COMMISSIONER